**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **PAUL F. ROMANO, JR.,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 06-686-JJF |
| | : | |
| **VINCENT BIANCO,** | : | |
| Warden, and **JOSEPH R. BIDEN, III,** | : | |
| Attorney General for the State of Delaware, | : | |
| | : | |
| Respondents.[1] | : | |

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On November 10, 2005, the petitioner, Paul F. Romano, Jr., was arrested for, and subsequently indicted on, charges of second degree forgery, misdemeanor shoplifting, and criminal impersonation. *See* Del. Super. Ct. Crim. Dkt. ID 0511005411 at Items 1 & 2 (hereinafter "Crim. Dkt. Item __"). In March 2006, Romano pled guilty to second degree forgery and misdemeanor shoplifting. *See* Crim. Dkt. at Item 10. A Superior Court judge immediately sentenced Romano to two years at Level V incarceration, suspended immediately for one year of Level II probation for the forgery conviction and one year at Level V, suspended for one year at Level II for the shoplifting conviction. *See* Crim. Dkt. Item 12. Romano was arrested on a administrative warrant for an alleged violation of the terms of his Level II probation on March 31, 2006. *See* Crim. Dkt. at Items 13-14. After a hearing in Superior Court on April 13, 2006, the Superior Court found that Romano had violated the terms of his probation. *See* Crim. Dkt. at

[1] *See* Fed.R.Civ.P. 25(d)(1). Attorney General Joseph R. Biden, III, assumed office on January 2, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case.

Item 15. Romano was sentenced, effective March 31, 2006, to two years at Level V, suspended after fourteen days for the balance to be served at the Level IV Crest program, suspended in turn after successful completion of the program for eighteen months at Level III Crest Aftercare. *See* Crim. Dkt. Item 16. Romano was to be held at supervision Level III until space was available at Level IV Crest. *See id.* Romano was discharged as unimproved on his shoplifting sentence. *See id.*

In June 2006, Romano moved for modification of his sentence, asserting the harm caused to his family and business caused by his incarceration. *See* Crim. Dkt. Item 17. Superior Court promptly denied the motion, finding that the sentence was appropriate for the violation of probation. *See* Crim. Dkt. Item 18. Romano then wrote to the judge complaining about being placed in the Civigenics program instead of Crest. Crim. Dkt. Item 19. The judge responded, explaining that the Civigenics program is part of the Crest program. Crim. Dkt. Item 20. In September 2006, Romano wrote seeking a sentence review. *See* Crim. Dkt. Item 21. The court, interpreting the letter as a motion for modification of sentence, denied Romano's request to be discharged from his sentence. *See* Crim. Dkt. Item 22. Romano's third motion for modification of sentence was filed in October 2006. *See* Crim. Dkt. Item 24. The court denied the motion as untimely. Crim. Dkt. Item 25. Finally, Romano moved for postconviction relief under Superior Court Criminal Rule 61, asserting four grounds for relief relating to his placement in the Civigenics program and the failure of the Department of Correction to release him. *See* Crim. Dkt. Item 26. Superior Court summarily dismissed the motion because a motion under Rule 61 "is not the appropriate means to obtain" a modification of sentence. *State v. Romano*, 2006 WL 3842165 at *1 (Del. Super. Ct. Dec. 18, 2006). Romano did not appeal any of the Superior Court

decisions on his motions for modification or his postconviction motion.[2] Romano's federal habeas petition is dated November 1, 2006. D.I. 2 at 7.

Discussion

In his petition for federal habeas relief, Romano raises several grounds for relief: (1) Department of Correction ("DOC") personnel and counselors tampered with court documents; (2) DOC failed to place Romano at Level III supervision pending space available at Crest; (3) DOC improperly required Romano to complete the Civigenics program; and (4) because Romano was required to complete Civigenics, he has spent eight months instead of the anticipated six months at Level IV. D.I. 2. Romano's claims are unavailing.

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "In order for a claim alleging constitutional violations to be cognizable under the federal habeas corpus statute, the petition must also challenge the fact or length of confinement and seek immediate or speedier release." *Phillips v. Kearney*, 2003 WL 2004392, *2 (D. Del. Apr. 21, 2003) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) and *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994)). Only claims where the requested relief will result in a shorter term of actual confinement can properly be brought in a federal habeas petition. *See Preiser*, 411 U.S. at 487; *see Leamer v. Fauver*, 288 F.3d 532, 543 (3d Cir. 2002); *Hansley v. Ryan*, ___ F. Supp. 2d ___, 2007 WL 1143124, *2 (D. Del. Apr. 16, 2007). If a

[2] Romano includes a "Notice of Appeal" (dated October 17, 2006) from the Superior Court's order of April 13, 2006, denying his postconviction motion. *See* D.I. 2 at Exhibit C. Assuming that Romano intended to appeal the court's order of September 13, 2006 denying his motion for modification of sentence, the appeal came too late. *See* DEL. SUPR. CT. R. 6(a)(iii). Further, the notice was improperly directed to the Superior Court rather than with the Clerk of the Delaware Supreme Court. *See* DEL. SUPR. CT. R. 6(a). In any case, there is no record of the appeal being docketed.

favorable decision will not change the prisoner's release date, then the claim is properly brought as a claim under 42 U.S.C. § 1983. *Leamer*, 288 F.3d at 543-44. Here, Romano's claims do not challenge his underlying conviction, and a finding in his favor would not alter his sentence or undo his conviction. Therefore, his claims do not assert issues cognizable on federal habeas review, and Romano's claims must be dismissed. *See Hansley*, 2007 WL 1143124 at *2 (collecting cases).

As noted in *Hansley*, there is some authority to suggest that Romano's claims that he was improperly held at Level IV instead of Level III (claim 2), he should not have been required to complete Civigenics (claim 3), and he has served too much time at Level IV (claim 4) could be construed as challenges to the execution of his sentence, claims that are cognizable on federal habeas review. 2007 WL 1143124 at *2 (collecting cases). But Romano, by his own admission, is no longer being held pending transfer to Level IV Crest, and he has successfully completed the Civigenics program. D.I. 2 at 14 (Exhibit A). Thus, even if these particular claims (claims 2 & 3) present issues cognizable on federal habeas review, the claims are now moot because the alleged unlawful execution of Romano's sentence as to these claims has ceased. *See, e.g., Hansley*, 2007 WL 1143124 at *2 (failure to timely transfer inmate from Level V to Level IV moot when transferred); *Yost v. Carroll*, 385 F. Supp. 2d 468, 470 (D. Del. 2005) (claim asserting that petitioner was unlawfully held at Delaware Correctional Center was dismissed as moot because petitioner had been released from the facility); *Lovett v. Carroll*, 2002 WL 1461730, *2 (D. Del. June 27, 2002) (once unlawful execution of sentence ceased, petitioner lacked standing to maintain federal habeas action).

As to Romano's claim that he has served too much time at Level IV (claim 4), although Romano raised this claim repeatedly to the Delaware Superior Court, he never presented this (or

any other) claim to the state supreme court. *See generally* Crim. Dkt. A state petitioner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). In order to demonstrate that a claim has been exhausted in state court, a petitioner "must show that he presented each claim to the Delaware Supreme Court." *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993); *see also Picard*, 404 U.S. at 275; *Stevens v. Delaware Corr'l Center*, 295 F.3d 361, 369 (3d Cir. 2002); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993). Here, Romano has not presented his claim that he has served too much time at Level IV to the state supreme court, and thus the claim is unexhausted.

Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition, *Rose v. Lundy, supra*, or a stay of the federal habeas proceedings to allow the prisoner to exhaust state court remedies (*Rhines v. Weber*, 544 U.S. 269 (2005)). If, however, there is no available state remedy, Romano is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52. Romano cannot appeal the denial of his motions for modification of sentence or his postconviction motion, because the time for appeal has passed. *See* DEL. CODE ANN. TIT. 10, § 147; DEL. SUPR. CT. R. 6(a)(iii). Moreover, Romano can no longer move for modification of his sentence under Criminal Rule 35(b), because more than 90 days have passed since his sentencing and there are no extraordinary circumstances to permit the extension of the limitations period. *See* DEL. SUPER. CT. CRIM. R. 35(b); *see, e.g., Eley v. Kearney*, 2005 WL 899612, *4 (D. Del. Apr. 18, 2005). Nor can Romano seek relief by means of a second postconviction motion pursuant to Criminal Rule 61, because the rule would

preclude reconsideration of the claim as previously adjudicated. *See* DEL. SUPER. CT. CRIM. R. 61(i)(4); *Kennedy v. Kearney*, 1996 WL 534877, *2-3 (D. Del. Sept. 11, 1996). *See, e.g., Jones v. Carroll*, 388 F. Supp. 2d 413, 422 & n.5 (D. Del. 2005).

Thus, because there is no available state remedy, Romano is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie v.Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997). However, because Romano procedurally defaulted his claims in the state courts, federal habeas review is barred unless he establishes cause for the procedural default and actual prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 513 (D. Del. 2003). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McClesky v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). Here, Romano has offered no explanation for his failure to present his claims to the state supreme court, and thus this Court need not reach the question of whether he has shown any prejudice. *See Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *McLaughlin*, 270 F. Supp. 2d at 513. Thus, consideration of Romano's claims is precluded because he procedurally defaulted the claims in state court. Romano has failed to offer any explanation for his failure to exhaust his state remedies, and thus the petition must simply be dismissed.

Conclusion

Based upon the Superior Court docket sheets, it appears that no transcripts of Romano's state court proceedings have been prepared. Although not indicated on the docket sheet, the

violation of probation hearing on April 13, 2006 would have been recorded, but no transcript was prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without prejudice.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: April 27, 2007

Westlaw.



Phillips v. Kearney
D.Del.,2003.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Gregory S. PHILLIPS, Petitioner,
v.
Rick KEARNEY, Warden, and Attorney General of the State of Delaware, Respondents.
**No. Civ.A. 02-1403-JJF.**

April 21, 2003.

Gregory S. Phillips, Petitioner, pro se.
Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for the Respondents.

*MEMORANDUM OPINION*
FARNAN, J.
***1** After finding that Petitioner Gregory S. Phillips violated the terms of his probation, the Delaware Superior Court revoked his probation and sentenced him to five years and nine months of Level V incarceration, to be suspended after successful completion of the Key Program for decreasing levels of supervision.[FN1] Petitioner, SBI # 282662 and a *pro se* litigant, is currently incarcerated at the Sussex Correctional Institution ("SCI") located in Georgetown, Delaware. Petitioner filed this petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 *in forma pauperis.* (D.I.1, 2.) Petitioner also filed a motion for the production of transcripts. (D.I.6.) For the reasons set forth below, the Court construes the Petitioner's Reply to be a motion for leave to amend the original habeas petition, and grants such motion. (D.I.19.) In addition, the Court will dismiss the Petitioner's amended habeas petition for failing to present a cognizable claim for federal habeas relief (D.I.19) and will deny the motion for the production of transcripts as moot (D.I.6).

FN1. Upon completion of the Key Program, the Petitioner's sentence was to be suspended for one year of residential substance abuse treatment, followed by one year of Aftercare and eighteen months of Level III probation. *See Phillips v. State,* 790 A.2d 477 (Del.Sup.Ct.2002).

## I. FACTUAL AND PROCEDURAL HISTORY

On June 19, 1997, Petitioner Gregory S. Phillips pled guilty in the Delaware Superior Court to three of eleven charges for which he had been indicted: harassment, first degree reckless endangering, and possession of a deadly weapon by a person prohibited. (Del.Super .Ct.Crim.Dkt. 22.) The Superior Court sentenced him to eight and one half years in prison, suspended after a mandatory one year in prison for probation. (*Phillips v. State,* 790 A.2d 477 (D.I.41) (Del.2002).) Petitioner did not directly appeal this conviction.

On March 2, 2001, after a violation of probation hearing ("VOP hearing"), the Delaware Superior Court re-sentenced the Petitioner to five years and nine months in prison, suspended upon completion of the Key Program for decreasing levels of probation. (Del.Super.Ct .Crim.Dkt. 55; *Phillips v. State,* 790 A.2d 477 (D.I. 41 at 4).) The Superior Court specified that the Petitioner was to be discharged as unimproved from his reckless endangerment probationary sentence.

The Petitioner timely filed in the Delaware Superior Court a motion to modify or reduce the March 2001 sentence. (Del.Super.Ct.Crim.Dkt.51.) The Superior Court denied the motion, and the Petitioner timely appealed. (*Id.* at 59,62.) After an evidentiary hearing in the Superior Court, the Petitioner proceeded *pro se* on appeal. (*Id.* at 71,73.) The Petitioner appealed the violation of probation sentencing on the following grounds: 1) his extradition to Delaware was improper; 2) he did not receive a copy of the warrant providing notice of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the underlying violation; 3) his probation officer violated his civil rights; 4) his probation officer lied at the violation hearing and testimony was omitted from the transcript; 5) he did not receive proper credit for time served; 6) he was sentenced beyond state sentencing guidelines, and the sentencing judge had a closed mind; and 7) the Key Program is unconstitutional, the Superior Court violated his constitutional rights by sentencing him to the Key Program, and the Superior Court abused its discretion by sentencing him to the Key Program in the absence of any evidence of a substance abuse problem. (Del.Sup.Ct. D .I. 22 lines 8,9; D.I. 50 at 9,10.)

***2** On October 25, 2001, Petitioner filed a motion for post-conviction relief in the Delaware Superior Court. (Del.Super.Ct.Crim.Dkt.92.) The Superior Court denied this motion on November 11, 2001, because the Petitioner's appeal was still pending in the Delaware Supreme Court. (Del.Super.Ct.Crim.Dkt.93.)

On February 11, 2002, the Delaware Supreme Court affirmed the sentence imposed by the Delaware Superior Court. *Phillips v. State,* 790 A.2d 477 (Del.2002). Subsequently, on February 14, 2002, Petitioner filed a motion for post-conviction relief in the Delaware Superior Court. (Del.Super.Ct.Crim.Dkt 94.) The February 2002 motion for post-conviction relief challenged the sentence imposed in the March 2, 2001 VOP hearing on the following grounds: 1) the probation proceedings constituted double jeopardy; 2) the proceedings breached the original Rule 11 plea agreement; 3) the proceedings were illegal because the Petitioner was not serving all of the probation sentences on which he was re-sentenced; 4) the Court abused its discretion in sentencing because the Petitioner was not really guilty of the original offense; and 5) in general, there had been a miscarriage of justice. *State v. Phillips,* 2002 WL 524281, at *1 (Del.Super.Ct. Mar. 4, 2002). The Superior Court denied the motion because the claims were procedurally barred.[FN2] *(Id.)*

FN2. The Superior Court noted that all of these issues could have been raised at the VOP hearing or on the Petitioner's direct appeal to the Supreme Court. Because the Petitioner did not demonstrate either cause for relief or prejudice, the court denied the motion for post conviction relief. *Phillips,* 2002 WL 524281, at *2.

On August 20, 2002 the Petitioner filed a petition for federal habeas corpus relief. (D.I.2.) The Respondents filed an answer on January 2, 2003, asking the Court to dismiss the petition because two claims are time barred, and all five claims are procedurally defaulted. (D.I.15.) On January 8, 2003, the Petitioner filed a Reply to the Respondent's Answer. (D.I.19.) In this reply, the Petitioner states that he waives all other claims and wishes to proceed on the due process violation " because of the Key only." (D .I. 19.)

## II. GOVERNING LEGAL PRINCIPLES

### A. Subject Matter Jurisdiction

A federal court may consider a habeas corpus petition filed by a state petitioner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In order for a claim alleging constitutional violations to be cognizable under the federal habeas corpus statute, the petition must also challenge the fact or length of confinement and seek immediate or speedier release. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *see Heck v. Humphrey,* 512 U.S. 477, 480-81 (1994). If the requested relief will result in shortening the time of actual confinement in prison, then the claim is properly brought as a federal habeas petition. *Preiser,* 411 U .S. at 487. Conversely, a prisoner's claim relating solely to a "State's alleged unconstitutional treatment of [petitioner] while in confinement" is properly brought pursuant to 42 U.S.C. § 1983 and not 28 U.S.C. § 2254. *Preiser,* 411 U.S. at 499; *Leamer v. Fauver,* 288 F.3d 532, 542 (3d Cir.2002) (citations omitted).

***3** There are situations, however, where a petitioner's claim might arguably be brought as

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

either a § 2254 petition or a § 1983 action. *Leamer,* 288 F.3d at 541. For example, the petitioner might challenge both the conditions of confinement and the fact or length of confinement, *Preiser,* 411 U.S. at 499, and the deprivation of rights "necessarily impacts the fact or length or detention." *Leamer,* 288 F.3d at 541 (citations omitted). Although *Preiser* and its progeny dictates that this type of " overlapping" claim is cognizable only in federal habeas corpus, *Id.* at 499 n. 14; *Heck,* 512 U.S. at 481; *Leamer,* 288 F.3d at 540, a prisoner can simultaneously *separately* litigate a federal habeas claim and a § 1983 claim relating to the conditions of confinement. *Preiser,* 411 U.S. at 499 n. 14 (emphasis added).

The initial question of whether a claim is appropriately pursued via the federal habeas statute or § 1983 depends upon whether the claim "truly lies 'at the intersection" ' of both statutes. *Leamer,* 288 F.3d at 543 (quoting *DeWalt v. Carter,* 224 F.3d 607, 617 (7th Cir.2000)). According to the Third Circuit Court of Appeals, "[t]he operative test under *Preiser* and its progeny [for deciding that a claim should be brought pursuant to § 2254 rather than § 1983] is ... whether a favorable determination of [petitioner's] challenge would *necessarily imply* that he would serve a shorter sentence." *Leamer,* 288 F.3d at 543. Federal habeas corpus relief is appropriate only if the claim falls " within the 'core of habeas' and require[s] sooner release if resolved in the plaintiff's favor." *Id.* at 544.

B. Standards of Review under the AEDPA

Even if a federal court has subject matter jurisdiction over the federal habeas claim, the court cannot review the merits of the claim until the court determines that the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are satisfied. When the petitioner is in state custody pursuant to a state court judgment, and the federal habeas claim was adjudicated in state court on the merits, then a federal court cannot grant a writ of habeas corpus unless it finds that the state court decision either: (1) was contrary to clearly established federal law; or (2) involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

This restriction of § 2254(d) only applies to claims that have been "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d); *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir.2001). Consequently, if the state court did not reach the merits of the claim, then this standard does not apply on federal habeas review. *Jermyn v. Horn,* 266 F.3d 257, 299-300 (3d Cir.2001); *Appel,* 250 F.3d at 210. Rather, where a state court does not adjudicate a claim on the merits, a federal court " ' must examine, without special heed to the underlying state court decision,' whether the claim has merit." *Jermyn,* 226 F.3d at 300 (quoting *Appel,* 250 F.3d at 210).

***4** A federal habeas petitioner in state custody pursuant to a State court judgment must also satisfy the procedural requirements contained in the AEDPA. [FN3] The federal habeas statute states:

> FN3. Additionally, a federal habeas petition must be brought within the one-year period of limitations required by 28 U.S.C. 2244(d)(1).

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Before seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The state prisoner must give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). However, if the petitioner did raise the issue on direct appeal, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

To "fairly present" a federal claim for purposes of exhaustion, a petitioner must present to the state's highest court a legal theory and facts that are " substantially equivalent" to those contained in the federal habeas petition. *Coverdale,* 2000 WL 1897290, at *2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). It is not necessary for the petitioner to identify a specific constitutional provision in his state court brief, provided that "the substance of the ... state claim is virtually indistinguishable from the [constitutional] allegation raised in federal court." *Santana v. Fenton,* 685 F.2d 71, 74 (3d Cir.1982) (quoting *Biscaccia v. Attorney General of New Jersey,* 623 F.2d 307,312 (3d Cir.1980). Rather, a petitioner may assert a federal claim without explicitly referencing a specific constitutional provision by: (1) relying on pertinent federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in like fact situations; (3) asserting a claim in terms so particular as to call in mind a specific right protected by the Constitution; or (4) alleging a pattern of facts that is well within the mainstream of constitutional litigation. *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir.1999); *Evans,* 959 F.2d at 1231. Further, the state court does not have to actually consider or discuss the issues in the federal claim, provided that the petitioner did, in fact, present such issues to the court. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

***5** Generally, a federal court will dismiss without prejudice unexhausted federal habeas claims in order to permit petitioners to exhaust their claims in state court. *Lines v. Larkins,* 208 F.3d 153, 159-160 (3d Cir.2000), *cert. denied,* 531 U.S. 1082 (2001). When a habeas petition contains both exhausted and unexhausted claims (i.e., a mixed petition), the federal court must dismiss the entire petition for failure to exhaust state-created remedies. *Rose v. Lundy,* 455 U.S. 509, 510 (1982); *Lambert,* 134 F.3d at 513. However, a petitioner may choose to delete the unexhausted claims and proceed with the exhausted claims. *Rose,* 455 U.S. at 510; *see Reynolds v. Ellingsworth,* 843 F.2d 712, 724 n. 22 (3d Cir.). Pursuant to Federal Rule of Civil Procedure 15(a), the court has discretion in granting leave to amend a pleading after the filing of a responsive pleading, and such leave is to "be freely given when justice so requires." Fed.R.Civ.P. 15(a); *Werner v. Werner,* 267 F.3d 288, 296 (3d Cir.2001).

A petitioner's failure to exhaust state remedies will be excused if there is no available state remedy. *Lines,* 208 F.3d at 160; *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). However, even though these claims are treated as exhausted, they are procedurally defaulted. *Lines,* 208 F.3d at 160. A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice or a "fundamental miscarriage of justice." *McCandless,* 172 F.3d at 260; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate "actual prejudice" by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

However, if the petitioner does not allege cause for the procedural default, then the federal court does not have to determine whether the petitioner has demonstrated actual prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

Alternatively, a federal court may excuse procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a "miscarriage of justice," the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. A petitioner establishes "actual innocence" by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 523-24 (3d Cir. June 27, 2002).

III. DISCUSSION

***6** In his original federal habeas petition, the Petitioner asserted the following claims:
(1) His guilty plea was involuntary because defense counsel failed to investigate his case by not consulting "any gun experts as to the range of a short barrel 12 gauge mosseburg with bird shot."
(2) He was sentenced for a violation of probation regarding the reckless endangering charge of which he was actually innocent.
(3) His sentence was illegal and violated due process because, in order for his sentence to be suspended, he was required to participate in the Key Program, which is "an abusive and unconstitutionally run program that utilizes inmates in almost complete authority over other inmates."
(4) The sentence imposed at the VOP hearing violated the plea agreement because he was serving probation concurrently for three sentences but the sentences were reimposed consecutively upon the violation of probation.
(5) The imposition of punishment for failing to participate in the Key Program constituted double jeopardy, and it lengthened the time of incarceration because he is being punished with "more years in prison and ten days isolation and eighty days loss of all privileges."

(D.I.2.)

The Respondents assert that claims one and two are time barred by the one-year limitations period of 28 U.S.C. § 2244(d)(1) because they relate to the Petitioner's June 1997 guilty plea and sentence. Alternatively, they assert that all five claims are procedurally barred from federal habeas review because the Petitioner failed to present them to the Delaware Supreme Court. (D.I. 15 at 6-7.) Moreover, the Respondents succinctly allege that claim three does not state a cognizable claim for federal habeas relief because it does not challenge the fact or duration of confinement. (*Id.* at 6 n. 6.) They state that the Petitioner alleges only the prospect of supervision by other inmates in a drug rehabilitation program, and not that he is actually confined in violation of the laws or Constitution of the United States. (*Id.*)

In response to these assertions, the Petitioner filed a Reply stating that he waives all other claims and wishes to proceed on the due process violation " because of the Key only." (D.I.19.) Further, the Petitioner counters that he did address the "inmate in authority over other inmates" issue in his direct appeal to the Delaware Supreme Court, and that the Key Program is a "state created liberty which gives [him] due process rights because of the suspension of jail time upon successful completion." (*Id.*)

The Court construes the Petitioner's request in his Reply as a motion for leave to amend his original habeas petition. Hence, pursuant to Federal Rule of Civil Procedure 15(a), the Court, in its discretion, will grant the Petitioner's motion to amend his habeas petition by deleting all claims except claim three, the due process claim.[FN4] Consequently, the Respondent's assertion of procedural default (and time-bar) is moot with respect to the deleted claims.

FN4. Because the Petitioner is proceeding *pro se,* the Court reads his submissions liberally in an effort to provide review of his claims to the fullest extent permissible

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

under federal habeas law. Thus, the Court interprets the Petitioner's cryptic statement that he "wishes to proceed on the due process violation because of the Key only" to mean that he wishes to proceed with claim three. Moreover, even if he intended to include claim 5 regarding double jeopardy in this statement, this claim is unexhausted and procedurally defaulted.

*7 Normally, at this juncture, the Court would address the issues of exhaustion of state remedies and procedural default. However, because the Respondents assert that the Court does not have subject matter jurisdiction, and an affirmative determination would render the procedural analysis unnecessary, the Court now turns to this issue.

In essence, the Petitioner asserts that the inclusion of the allegedly unconstitutional Key Program in the VOP sentence violated due process because failure to complete the program adversely affects the time in confinement. In other words, making the suspension of his sentence contingent upon completion of an allegedly unconstitutional treatment program violates due process because he believes that it increases his time in confinement. (D.I. 2 at 6.)

The Respondents assert that this federal habeas claim is not cognizable under the federal habeas statute because the Petitioner alleges only the prospect of supervision, and not that he is actually confined in violation of the laws or constitution of the United States. (D.I. 15 at 6 n. 6.) Although the Court agrees with the conclusion, it disagrees with the Respondent's reasoning. The Petitioner does, in fact, allege that his present confinement violates due process. (D.I.19.) Thus, on its face, this claim appears to sit within the "intersection" of the federal habeas statute and 42 U.S.C. § 1983 because it challenges the validity, length, and conditions of the sentence. *See Preiser,* 411 U.S. at 499.

Usually, the issue presented in an "overlapping" claim is whether a federal habeas corpus petition is the sole remedy. *Id.* However, in the present case, the Petitioner already has a § 1983 pending before this Court challenging the constitutionality of the Key Program itself.[FN5] Thus, the question here is not whether the Petitioner has properly chosen between the statutes, but rather, whether the due process claim apparently challenging both the fact and length of confinement does, in fact, affect the length of the sentence. [FN6]

FN5. *Phillips v. Graves,* CA No. 01-516.

FN6. Because the Petitioner has a separate § 1983 case pending in this Court, the issue of whether the Key Program is unconstitutional is better left to the determination of that claim.

Although the issue here is not whether habeas is the sole remedy available, the test presented in *Leamer* still provides guidance for determining whether the Petitioner has presented a cognizable claim for federal habeas relief. The *Leamer* test is simple: if the federal habeas claim challenges the validity of the continued conviction or the fact or length of the sentence, and a favorable determination of the challenge would require sooner release, then a prison confinement case is properly brought under the federal habeas statute. *Leamer,* 288 F.3d at 543-44. Conversely, if a favorable decision on the challenge will not change the prisoner's release date, then the challenge is properly brought as a § 1983 case. *Id.*

What relief, then, does the Petitioner request? The present claim challenges the validity and length of his sentence based upon his placement in the Key Program. The crux of his arugment appears to rest on his *placement in and constitutionality of* the Key Program. Applying the *Leamer* test to the Petitioner's claim indicates that his placement in the Key Program does not lengthen his sentence. What the Petitioner fails to comprehend is that the Key Program is not a mandatory part of his sentence, *Clark v. Deshields,* 2001 WL 654960, at *1 (D.Del. Mar. 19, 2001), but rather, it is a pre-requisite for the *possibility* of reduced levels of incarceration.

*8 The Petitioner's classification to the Key Program is "within the normal limits or range of custody [his] conviction authorizes the state to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

impose." *See Mason v. Kearney,* 2002 WL 31207195, at *3 (D.Del. Sept. 26, 2002). [FN7] The Petitioner's incarceration while participating in the Key Program is still considered institutional confinement and therefore counts toward the original five year, nine month sentence. *Compare Gresham v. Intensive Supervision Program,* 1999 WL 771075, at *5 (D.N.J. Sept. 27, 1999) (where the ISP program at issue, a post-sentence, post-incarceration program was still regarded as institutional confinement and the time spent in the program still went towards completion of the original sentence). If the Petitioner fails to complete the Key Program, the only consequence is that he will have to serve the full *original* sentence of five years nine months in prison; he will not benefit from progressively reduced levels of supervision. As stated by the State in its Answering Brief to the Delaware Supreme Court, "[t]he maximum term of his sentence is not contingent on his completion of the drug program, only the level of supervision at which he serves that term." (*Phillips v. State,* 790 A.2d 477 (D.I. 41 at 13.)). Basically, the Petitioner's claim affects a *condition* of imprisonment, not the *length or validity.*

> FN7. The State is authorized to require completion of the Key Program pursuant to its criminal statute, Del.Code Ann., tit. 11 § 4202(c)(8).

Once again, the Court notes that the Petitioner has a § 1983 case pending before this Court. Because the alleged due process violation does not affect the length of confinement, the Court concludes that the Petitioner's habeas petition does not state a claim cognizable under the federal habeas statute. Accordingly, the Court will dismiss the petition, and will deny as moot his motion for the production of transcripts.

### III. CERTIFICATE OF APPEALABILITY

The Court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this requirement, the petitioner must " demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Here, the Court has determined that the Petitioner's claim does not warrant federal habeas relief. The Court is persuaded that reasonable jurists would not find this conclusion debatable or wrong. Thus, the Petitioner has failed to make a substantial showing of the denial of a constitutional right, and the Court will not issue a certificate of appealability. An appropriate Order will be entered.

### *ORDER*

For the reasons stated in the Court's Memorandum Opinion, IT IS HEREBY ORDERED THAT:

1. Petitioner Gregory S. Phillips' Reply (D.I.19.) is treated as a motion to amend his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.2.), and so treated, is GRANTED.

***9** 2. Petitioner's amended Petition for Writ of Habeas Corpus by a Person in State Custody (D.I.19.) Is DISMISSED, and the relief requested therein is DENIED.

2. Petitioner's Motion for the Production of Transcripts (D.I.6) is DENIED as moot.

3. The Court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2003.
Phillips v. Kearney
Not Reported in F.Supp.2d, 2003 WL 2004392 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.





Hansley v. Ryan
D.Del.,2007.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Nichole L. HANSLEY, Petitioner,
v.
Patrick RYAN, Warden, and Joseph R. Biden, III, Attorney General of the State of Delaware, Respondents.FN1
**Civ. No. 06-219-SLR.**

April 16, 2007.

Nichole L. Hansley, Pro se petitioner.
Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE, for respondents.

**MEMORANDUM OPINION**
SUE L. ROBINSON, United States District Judge.

**I. INTRODUCTION**

***1** Currently before the court is petitioner Nichole L. Hansley's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I.1) Petitioner was detained at the Women's Work Release Treatment Center in New Castle, Delaware when she filed the application. For the reasons that follow, the court will dismiss petitioner's § 2254 application.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

In August 2004, petitioner was arrested and charged with first degree robbery, possession of a deadly weapon during the commission of a felony, theft, and conspiracy in the second degree. Petitioner remained incarcerated in default of bond until March 3, 2005, when she pled guilty to felony theft. In exchange for pleading guilty, the prosecution dismissed the balance of the charges. The Superior Court sentenced petitioner to two years at Level V, suspended after time served for nineteen months at Level III probation. *See generally* (D.I.12)

On June 23, 2005, petitioner was charged with violating the terms of her probation and re-incarcerated, but she posted bail and was released on bond that same day. Petitioner failed to appear at her next hearing date in the Superior Court, and a capias was issued for her arrest on July 13, 2005. Petitioner was arrested on the outstanding capias on August 21, 2005, but she posted bail and was released on bond on September 1, 2005. Petitioner failed to appear for her scheduled violation of probation hearing, and the Superior Court issued another capias for her arrest on November 2, 2005. Petitioner was arrested on the capias on November 5, 2005 and incarcerated in default of bond. On January 5, 2006, the Superior Court conducted a hearing and found petitioner in violation of the terms of her probation. The Superior Court sentenced petitioner to two years at Level V, suspended immediately for eighteen months at Level IV, to be held at Level V until space was available at Level IV. *Id.*

On June 12, 2006, petitioner was charged with violating the terms of her probation and returned to BWCI. The Superior Court held a hearing on June 21, 2006 and, after finding petitioner in violation of the terms of her probation, sentenced petitioner to six months at Level V, suspended immediately for one year at Level II probation. Petitioner did not appeal any of her violation of probation proceedings. *Id.*

**III. DISCUSSION**

Petitioner filed the instant application in April 2006, asserting two grounds for relief: (1) she has been held for more than 90 days at Level V

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

incarceration waiting for bed space at Level IV work-release; and (2) she has not had a mental health evaluation while incarcerated at Level V. In its answer, the State contends that the court must dismiss the application in its entirety because the claims fail to present issues cognizable on federal habeas review. The State also argues that claim one should be denied as moot.

There are two broad categories of prisoner petitions: § 2254 petitions that challenge the fact or duration of the prisoner's confinement, and § 1983 actions that challenge the conditions of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439, (1973). As explained by the Court of Appeals for the Third Circuit,

***2** whenever the challenge ultimately attacks the ' core of habeas'-the validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

*Learner v. Fauver,* 288 F.3d 532, 542 (3d Cir.2002).

Here, petitioner's two claims do not challenge her underlying conviction, and a finding in her favor would not alter her sentence or undo her conviction. Therefore, the court will deny the application because it does not assert any issue cognizable on federal habeas review. *See, e.g., Beckley v. Minor,* 2005 WL 256047 (3d Cir. Feb.3, 2005)("where the relief sought 'would not alter [petitioner's] sentence or undo his conviction,' " a district court does not have habeas jurisdiction)(not precedential); *Urrutia v. Harrisburg County Police Dept.,* 91 F.3d 451, 462 (3d Cir.1996); *Oberly v. Kearney,* 2000 WL 1876439, *2 (D.Del. Dec.15, 2000)(finding that a claim alleging petitioner is entitled to work release or home furlough is properly characterized as a § 1983 claim and not a § 2254 claim).

Nevertheless, there is caselaw suggesting that petitioner's first claim might be construable as challenging the execution of her sentence, which does present an issue cognizable on federal habeas review. *See Woodall v. Fed. Bur. of Prisons,* 432 F.3d 235, 241-44 (3d Cir.2005)(holding that federal prisoner's challenge to the BOP's regulations regarding placement in community confinement constituted a challenge regarding the execution of his sentence, properly brought under 28 U.S.C. § 2241.); *Lovett v. Carroll,* 2002 WL 1461730 (D.Del. June 27, 2002)(habeas petition challenging petitioner's continued detention at Level V custody, when sentencing order required him to be transferred to the boot camp program, construed as claim challenging the execution of his sentence); *Coady v. Vaughn,* 251 F.3d 480 (3d Cir.2001)(claim challenging execution of sentence properly presented under 28 U.S.C. § 2254). The record indicates that petitioner was transferred from Level V confinement to Level IV confinement sometime between April 2006 and June 12, 2006. [FN2] *See generally* (D.I. 12, Delaware Super. Ct. Dkt. at Nos. 29-31) Thus, even if petitioner's claim regarding the failure to transfer her to Level IV confinement presents an issue cognizable on federal habeas review, the claim is now moot because the alleged unlawful execution of her sentence has ceased.[FN3] *See, e.g., Lovett,* 2002 WL 1461730, at *2 (once unlawful execution of sentence ceased, petitioner lacked standing to maintain the habeas action and the court dismissed his petition as moot).

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating " that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). However, if a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484.

***3** The court concludes that it must dismiss the petitioner's habeas application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because the claims presented therein are not cognizable on federal habeas review and they are also moot. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

## ORDER

At Wilmington this 16th day of April, 2007, consistent with the memorandum opinion issued this same date; IT IS HEREBY ORDERED that:

1. Petitioner Nichole L. Hansley's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I.1)

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

FN1. *See* Fed.R.Civ.P. 25(d)(1). Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case.

FN2. Although the State asserts that petitioner was transferred from Level V (Baylor Women's Correctional Institution) to the Level IV Women's Work Release Treatment Center on March 9, 2006, the record provided by the State does not contain documentation regarding the exact date of petitioner's transfer. (D.I. 10, at 2)

FN3. There are four circumstances in which a claim may not be dismissed as moot: (1) the dismissal of the claim will have collateral consequences for the petitioner; (2) the issue is a wrong that is capable of repetition yet evading review; (3) the respondent voluntarily ceases the alleged illegal practice but can resume it at any time; and (4) it is properly certified as a class action. *See Chong v. District Director, INS,* 264 F.3d 378, 384 (3d Cir.2001). However, none of these exceptions apply to petitioner's situation. First, the dismissal of the application will not have collateral consequences for petitioner because it will not affect the release date for the sentence petitioner is currently serving. *Cf. DeFoy v. McCullough,* 393 F.3d 439, 442 (3d Cir.2005). The second exception would only apply if petitioner committed new crimes while on probation or otherwise violated the conditions of her probation, and then only if the Department of Correction were to hold her at a higher supervision level than authorized by an order from a Delaware court. The likelihood of this "repetition" is pure conjecture and, therefore, does not present an issue "capable of repetition, yet evading review." *See Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *Abdul-Akbar v. Watson,* 4 F.3d 195, 206-07 (3d Cir.1993)(holding that conjecture regarding a plaintiff's re-incarceration does not satisfy this narrow exception). The third exception does not apply because the State cannot re-incarcerate petitioner unless she violates the terms of her probation, which is an action within her own control. Finally, the last exception does not apply because the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

instant proceeding is not a class action. Additionally, even though *claim* two is not cognizable on habeas review, the court also denies the claim as moot because petitioner was assessed by the Treatment Access Center ("TASC") in Wilmington, Delaware between April and May 2006. *See* (D.I. 12, Delaware Super. Ct. Dkt. at Nos. 29 and 30)

D.Del.,2007.
Hansley v. Ryan
--- F.Supp.2d ----, 2007 WL 1143124 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Lovett v. Carroll
D.Del.,2002.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Charleston E. LOVETT, Petitioner,
v.
Thomas L. CARROLL, Warden, and Attorney General of the State of Delaware, Respondents.
**No. Civ.A. 01-782-JJF.**

June 27, 2002.

Following state conviction for narcotics offenses, petition for federal habeas relief was brought alleging that rather than being placed in "boot camp " program to which he had been sentenced, petitioner was still being held in conventional facility. The District Court, Farnan Jr., J., held that petition was rendered moot by fact that petitioner had been placed in "boot camp" program at time Court heard petition.

Dismissed as moot.
West Headnotes
**Habeas Corpus 197 ⚷223**

197 Habeas Corpus
197I In General
197I(A) In General
197I(A)2 Necessity and Effect of Writ; Mootness and Prematurity
197k223 k. Particular Issues and Problems. Most Cited Cases
Federal habeas petition alleging that state prisoner who had been sentenced to enter "boot camp" program was instead still being held in conventional facility was rendered moot by prisoner's entry into " boot camp" program prior to district court's hearing petition; there was no showing of continuing collateral injury from failure to timely carry out sentence, and petitioner did not challenge legality of conviction or sentence. 28 U.S.C.A. §2254.

Charleston E. Lovett, Petitioner, pro se.
Thomas E. Brown, of the State of Delaware Department of Justice, Wilmington, Delaware, for Respondents.

*MEMORANDUM OPINION*

FARNAN, J.

***1** Presently before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.2) filed by Petitioner Charleston E. Lovett. For the reasons set forth below, the Court will dismiss the Petition as moot.

## I. BACKGROUND

On July 12, 2001, Petitioner pleaded guilty in the Delaware Superior Court to delivery of cocaine and possession of drug paraphernalia. The Superior Court sentenced Petitioner to successful completion of the "Boot Camp Diversion Program," followed by probation. The Superior Court specified that Petitioner was to be held at Level V custody pending availability in the Boot Camp Program, but that his Level V custody was not to exceed sixty days. The Superior Court also ordered that Petitioner be returned for further sentencing if he failed to successfully complete the Boot Camp Program. Petitioner did not appeal to the Delaware Supreme Court.

On November 2, 2001, Petitioner filed with the Court the current Petition seeking federal habeas corpus relief. His sole allegation is that he is being held at Level V custody rather than being placed in the Boot Camp Program as ordered by the Superior Court. (D.I.2.) Respondents assert that Petitioner was admitted to the Boot Camp Program on November 7, 2001, and ask the Court to dismiss the Petition as moot.

## II. DISCUSSION

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A. Mootness

The record reflects that Petitioner was removed from Level V custody and placed in the Boot Camp Program just a few days after he filed his Petition. At that point, the alleged unlawful execution of sentence of which he complains ceased. If this renders the Petition moot, the Court lacks jurisdiction and must dismiss it. *Chong v. District Director, INS,* 264 F.3d 378, 383-84 (3d Cir.2001) (citing *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). Federal courts must resolve mootness issues, "even when not raised by the parties, before turning to the merits." *Chong,* 264 F.3d at 383.

Pursuant to Article III, the power of federal courts extends only to cases and controversies. *Id.* at 383. A litigant has standing to pursue a case or controversy in federal court only if he "has suffered, or is threatened with, an actual injury traceable to the [respondent] that is likely to be redressed by a favorable decision." *Id.* at 384. This "personal stake in the outcome" of a case must continue throughout the litigation. *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

An individual who has been convicted and is incarcerated as a result of that conviction always has standing to challenge his incarceration. *Id.* If his sentence expires while the litigation is pending, he must demonstrate a "concrete and continuing injury" in order to maintain standing in federal court. *Id.* Federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement, even after the sentence expires. *Id.* at 8. Where a petitioner does not attack his conviction, however, the injury requirement is not presumed; rather, the petitioner must demonstrate continuing collateral consequences adequate to meet the injury requirement. *Id.* at 14; *Chong,* 264 F.3d at 384.

*2 In the matter at hand, Petitioner does not challenge the legality of his conviction or sentence in any way. Rather, his habeas petition challenges only the execution of his sentence, *i.e.,* holding him at Level V custody rather than transferring him to the Boot Camp Program. This alleged unlawful execution of sentence ceased once he was placed in the Boot Camp Program. To maintain standing to challenge the execution of his sentence, then, Petitioner must demonstrate continuing collateral consequences sufficient to meet the injury requirement.

The Court is unable to find any such continuing collateral consequences. Once Petitioner was removed from Level V custody, the Court cannot discern any injury that could be redressed by a favorable decision in the current matter. Absent any conceivable continuing injury, Petitioner no longer has standing to maintain this action. For this reason, the Court will dismiss his Petition as moot.

B. Certificate of Appealability

Finally, the Court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner " has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, the current Petition is moot and must be dismissed. The Court is convinced that reasonable jurists would not debate otherwise. Petitioner, therefore, has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

will not issue.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss as moot the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Charleston E. Lovett. The Court will not issue a certificate of appealability.

An appropriate Order will be entered.

D.Del.,2002.
Lovett v. Carroll
Not Reported in F.Supp.2d, 2002 WL 1461730 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.





Eley v. Kearney
D.Del.,2005.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Raphus ELEY, Petitioner,
v.
Rick KEARNEY, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**No. Civ. 03-1141-SLR.**

April 18, 2005.

Raphus Eley, petitioner, pro se.
Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for respondents.

MEMORANDUM OPINION
ROBINSON, Chief J.

I. INTRODUCTION

***1** Currently before the court is petitioner Raphus Eley's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1; D.I. 8.) Petitioner was in custody at the Sussex Correctional Institution in Georgetown, Delaware when he filed his petition. For the reasons that follow, the court will deny his petition.

II. FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 1999, a Sussex County Superior Court jury convicted petitioner of two counts of third degree burglary, one count of third degree assault, and two counts of misdemeanor theft. These convictions stemmed from crimes petitioner committed at the Route 13 Market in Laurel, Delaware. On December 10, 1999, the Superior Court sentenced petitioner to a total of nine years at Level V, with credit for time served. Upon successful completion of the Key Program, the balance was suspended for Level IV Residential Substance Abuse Treatment Program, and upon successful completion of the Treatment Program, the balance was to be served at Level III. The sentencing order also stated that the Department of Correction had the discretion to move petitioner between supervision Levels I, II, and III. (D.I. 16, State's Resp. to Rule 26(C) Br. in *Eley v. State,* No.137,2000 at ¶ 1; D.I. 16, Ex. A-7 & A-8 in App. to Appellant's Br. in *Eley v. State,* No.137,2000)

Petitioner's trial counsel did not file a timely appeal. The Delaware Supreme Court directed the Superior Court to re-sentence petitioner and appoint new counsel to represent him. The Superior Court held a new sentencing hearing on March 24, 2000, and imposed the same sentences as it had in December 1999. (D.I. 16, Ex. A-4 in App. to Appellant's Br. in *Eley v. State,* No.137,2000). Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentences.

On June 22, 2002, petitioner was released to Level III probation. On November 15, 2002, petitioner was found guilty of violating his probation and his probation was revoked. Petitioner was re-sentenced, as modified on November 18, 2002, to a total of six years at Level V, suspended after serving one year at Level V for one year at Level IV Home Confinement, followed by three years and six months at Level III. Petitioner filed a *pro se* motion for sentence reduction, which the Superior Court denied on December 11, 2002. (D.I. 16, State's Motion to Affirm in *Eley v. State,* No.576,2003, at ¶ 2 & Exhs. F, H, I, J)

On November 12, 2003, petitioner filed a letter motion to modify his sentence from Level IV to Level III. On November 17, he filed a motion for correction of an illegal sentence, claiming that he

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

had served his Level V sentence and was now being illegally detained at Level V because he did not have a host for Level IV confinement. He asked the Superior Court to "flow him down" to Level III. (D.I. 16, State's Motion to Affirm in Eley v. State, No.576,2003, at Exhs. K,L)

The Superior Court sent a letter to petitioner dated November 18, 2003 informing him that, due to a clerical error, his sentence did not include language stating what level he should be held at while awaiting Level IV placement. The court also stated that petitioner's Level IV sentence would be transferred to another Level IV program, such as the VOP center or Work Release, if he was unable to establish a host. The court then issued a corrected VOP sentence to state that petitioner would be held at Level V awaiting placement into Level IV Home Confinement, and denied petitioner's prior two motions. (D.I. 16, State's Motion to Affirm in *Eley v. State,* No .576,2003, at Exhs. M,N)

***2** Petitioner appealed this order, and the Delaware Supreme Court affirmed the Superior Court's decision.

In December 2003, petitioner filed in this court an application and an amended application for habeas corpus relief. The state filed an answer arguing that the amended application challenges the conditions of petitioner's confinement and therefore does not assert a proper basis for federal habeas relief.

Petitioner's application is ready for review.

## III. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism And Effective Death Penalty Act Of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Pursuant to the AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The AEDPA increases the deference federal courts must give to state court decisions, primarily by imposing procedural requirements and standards for analyzing the merits of a habeas petition. *See Woodford,* 538 U.S. at 206. Generally, the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002).

### B. Exhaustion

Absent exceptional circumstances, a federal court cannot grant federal habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-44 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971). The AEDPA states, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 844-45; *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000); 28 U.S.C. § 2254(c) (A petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

available procedure, the question presented"). A petitioner must demonstrate that he "fairly presented " the habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). " 'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." ' *Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir.2004) (citing *McCandless v. Vaughn,* 172 F .3d 255, 261 (3d Cir.1999)).

***3** A petitioner's failure to exhaust state remedies will be excused if state procedural rules prevent him from seeking further relief in state courts. *Lines v. Larkin,* 208 F.3d 153, 160 (3d Cir.2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are nonetheless procedurally defaulted. *Coleman v. Thompson,* 501 U.S. 722, 749 (1991); *Lines,* 208 F.3d at 160. A federal habeas court cannot review the merits of a procedurally defaulted claim unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman,* 501 U.S. at 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

## IV. DISCUSSION

### A. Claim One

Petitioner's first claim asserts that his continued detention at Level V is illegal because he should have been transferred to Level IV when the Level V portion of his sentence expired on November 7, 2003. He also argues that home confinement at Level IV does not constitute incarceration, thus, the state is illegally keeping him at Level V. (D.I.14)

Petitioner exhausted state remedies by presenting this claim to the Delaware Supreme Court in his appeal of the Superior Court's corrected sentencing order. However, the state contends that this claim is not cognizable on federal habeas review and asks the court to dismiss it.

The United States Supreme Court has described two broad categories of prisoner petitions: (1) § 2254 petitions that challenge the fact or duration of the prisoner's confinement; and (2) § 1983 actions that challenge the conditions of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, (1973). Although it is not always easy to distinguish between these two types of actions, the Third Circuit has explained that

> whenever the challenge ultimately attacks the 'core of habeas'-the validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

*Leamer v. Fauver,* 288 F.3d 532, 542 (3d Cir.2002).

Here, petitioner does not challenge the VOP proceeding, nor does he contend that the VOP sentence exceeds the time remaining on his previously suspended sentence. If petitioner's claim were to succeed, he would only be entitled to serve his sentence in a different location rather than immediate or speedier release. Petitioner is actually challenging a condition of his custody, not the fact or length of his custody. Thus, petitioner's claim does not assert a basis for federal habeas relief.[FN1] *See, e.g., Beckley v. Minor,* 2005 WL 256047 (3d Cir. Feb. 3, 2005) ("where the relief sought 'would not alter [petitioner's] sentence or undue his conviction," ' district court does not have habeas jurisdiction) (not precedential); *Urrutia v. Harrisburg County Police Dept.,* 91 F.3d 451, 462 (3d Cir.1996); *Oberly v. Kearney,* 2000 WL 1876439, *2 (D.Del. Dec. 15, 2000) (finding that a claim alleging petitioner is entitled to work release or home furlough is properly characterized as a § 1983 claim and not a § 2254 claim). Accordingly,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the court will dismiss this claim.

FN1. To the extent petitioner's claim can be construed as challenging the execution of his sentence, it does present a claim cognizable on federal habeas review. *See Lovett v. Carroll,* 2002 WL 1461730 (D. Del. June 27, 2002) (habeas petition challenging petitioner's continued detention at Level V custody, when sentencing order required him to be transferred to the boot camp program, construed as claim challenging the execution of his sentence); *Coady v. Vaughn,* 251 F.3d 480 (3d Cir.2001) (claim challenging execution of sentence properly presented under 28 U.S.C. § 2254). However, the record reveals that petitioner was transferred to Level IV custody in January 2004. (D.I.7) Thus, even if this claim does present a cognizable challenge to the execution of petitioner's sentence, the court would dismiss it as moot because the alleged unlawful execution of petitioner's sentence has ceased. *See, e .g., Lovett,* 2002 WL 1461730, at *2 (once unlawful execution of sentence ceased, petitioner lacked standing to maintain the habeas action and the court dismissed his petition as moot).

B. Claim Two

***4** Petitioner's second claim appears to assert that the Superior Court violated his due process rights in modifying the November 18, 2002 VOP sentencing order. Specifically, petitioner contends that he should have been present when the Superior Court inserted the language that he was to be held at Level V until space became available at Level IV. He argues that the change was substantive, not merely a correction of a clerical error.

Petitioner never presented this federal due process claim to the state courts, thus, he has failed to exhaust state remedies for this claim. When petitioner appealed the Superior Court's modification of his November 18, 2002 VOP sentencing order, he argued that the Superior Court improperly and in bad faith modified his VOP sentence to require him to be held at Level V while awaiting space at Level IV. He further contended that the modification was an intentional deviation from the court's oral pronouncement and not the result of a clerical or technical error. Yet, because petitioner did not assert that he should have been present during the court's modification of his VOP sentence, he never put the state courts on notice that he was presenting a federal or constitutional claim. Thus, petitioner did not exhaust state remedies.

Petitioner's failure to exhaust state remedies is excused, however, because state procedural rules would prevent him from pursuing further state court relief. *See Teague v. Lane,* 489 U.S. 288, 298 (1989); *Coleman,* 501 U.S. at 750; *Lines,* 208 F .3d at 160. Petitioner filed his November 2003 motion to modify his sentence pursuant to Delaware Superior Court Criminal Rule 35(a), which permits the correction of an illegal sentence at any time. (D.I. 16, Exh. L in State's Motion to Affirm, No.576,2003, *Eley v. State* ). The Superior Court, however, denied this motion because petitioner's sentence was not illegal, and the Delaware Supreme Court affirmed. Thus, any attempt to file another Rule 35(a) motion or a new Rule 61 motion for post-conviction relief on this ground would be barred as formerly adjudicated. *See* Delaware Superior Court Criminal Rule 61(i)(4).

Additionally, petitioner cannot now file a motion to modify/reduce his sentence pursuant to Rule 35(b) because more than 90 days have passed since his sentencing and there are no extraordinary circumstances justifying relief from the 90 day time bar.[FN2] *See* Del.Super. Ct.Crim. R. 35(b); *Webster v. State,* 795 A.2d 668 (table), 2002 WL 487177 (Del. Mar. 26, 2002).

FN2. Further, a Rule 35(b) motion asserting the same challenge would also be barred by Rule 61(i)(4) as formerly adjudicated.

Although petitioner's failure to exhaust is excused, his claim is still procedurally defaulted. Petitioner

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

has not demonstrated cause for, and prejudice resulting from, his procedural default, nor has he demonstrated that a miscarriage of justice will result if the court does not reach the merits of this claim. Moreover, to the extent petitioner's argument can be interpreted as a challenge to the application of Delaware Superior Court Criminal Rule 36, this claim is not subject to federal habeas review. *Estelle v. McGuire,* 502 U.S. 62, 67-8 (1991) (it is not the province of a federal court to re-examine a state court's determination of state law); *Johnson v. Rosemeyer,* 117 F.3d 104, 109 (1997) ("it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim").

***5** In short, federal habeas review of petitioner's second claim is unavailable.

C. Claim Three

Petitioner's final claim contends that the Superior Court erred in failing to treat his motion to correct clerical mistakes as a motion to vacate, set aside or correct his sentence. This claim challenges the Superior Court's application of state procedural rules in a state court collateral proceeding. The court will dismiss the claim for failing to present an issue cognizable on federal habeas review. *See Lambert v. Blackwell,* 387 F.3d 210, 247 (3d Cir.2004) ( "alleged errors in [state] collateral proceedings ... are not a proper basis for habeas relief"); *Hassine v. Zimmerman,* 160 F.3d 941, 954 (3d Cir.1998).

V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The court concludes that petitioner's § 2254 application does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

VI. CONCLUSION

For the reasons stated, petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order will issue.

ORDER

At Wilmington this 18th day of April, 2005, consistent with the memorandum opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Raphus Eley's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I. 1; D.I. 8)

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2005.
Eley v. Kearney
Not Reported in F.Supp.2d, 2005 WL 899612 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
John B. KENNEDY, Jr., Petitioner,
v.
Richard KEARNEY, Warden, Sussex Correctional Institution and M. Jane Brady,
Attorney General of the State of Delaware, Respondents.
**Civ. A. No. 95-613-SLR.**

Sept. 11, 1996.

John B. Kennedy, Jr., petitioner, *pro se.*

Timothy J. Donovan, Jr., Esquire, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, attorney for respondents.

MEMORANDUM OPINION
SUE L. ROBINSON, District Judge.

I. INTRODUCTION

***1** On January 9, 1992, petitioner was sentenced to a twenty year term of imprisonment after pleading guilty to one count of first degree unlawful sexual intercourse. In his application for federal habeas corpus relief, presently pending before this court, he claims that his plea was not intelligently and voluntarily made and that the assistance he received from counsel was constitutionally deficient. Respondents have filed their answer, claiming that petitioner's claims are barred by his unexcused procedural default in presenting his claims to the state courts. For the reasons discussed below, the court will deny the requested relief and dismiss the petition.

II. BACKGROUND

In May 1991, a grand jury indicted petitioner on nine separate felony counts related to the sexual molestation of petitioner's daughter over a period of three years. (D.I. 3 at Ex. C) Petitioner appeared in Superior Court on January 9, 1992, for the purpose of pleading guilty to one of the counts of the indictment. In exchange for petitioner's guilty plea, the State agreed to dismiss the other felony counts as well as charges of lewdness, indecent exposure, assault, and endangering the welfare of a child which were pending against petitioner in Family Court. (D.I. 3 at Ex. A3)

Before the plea colloquy began, petitioner's counsel notified the court that, due to petitioner's illiteracy, counsel had filled out the relevant forms for petitioner and had explained them to him. (D.I. 3 at Ex. A3-A4) In response to the court's questions, petitioner indicated that he wished to enter a guilty plea, that he understood the consequences of waiving a jury trial, and that he was aware of the range of penalties he could receive. (D.I. 3 at Ex. A4-A7) Petitioner stated, regarding his attorney, "He explained everything to me, went over everything.... He read everything over with me and my wife, went over everything real good, so I understand what I was doing." (D.I. 3 at Ex. A5-A6) Based on petitioner's responses, the court stated its finding that petitioner's plea was "knowingly, intelligently and voluntarily made." (D.I. 3 at Ex. A10) The court sentenced petitioner to a twenty-year term of incarceration, fifteen of which were to be mandatory. (D.I. 3 at Ex. A13)

In November 1994, petitioner filed a Rule 61 postconviction motion, in which he claimed that his representation by counsel had been deficient, that his guilty plea was defective, and that the warrant for his arrest had been based on false information. (D.I. 3 at Ex. D) The Superior Court denied the motion on the merits. (D.I. 3 at Ex. E) Petitioner did not appeal.

Petitioner filed a second Rule 61 motion in Superior Court on January 17, 1995. (D.I. 3 at Ex. D) In that motion, petitioner restated the grounds he had raised in his first motion for postconviction relief. The court denied the motion on procedural grounds, pursuant to Rule 61(i)(4), which provides:

> Any ground for relief that was formerly adjudicated, whether in the proceeding leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

***2** Because each of petitioner's claims had been adjudicated in his previous Rule 61 motion, the court denied the second

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.





motion. (D.I. 3 at Ex. E) Petitioner appealed, and the Delaware Supreme Court affirmed. *Kennedy v. State,* No. 39, 1995 (Del. July 25, 1995).

III. DISCUSSION

A. Exhaustion Requirement

Before the court can review petitioner's claims, the court must ascertain whether petitioner has exhausted all available state remedies. 28 U.S.C. § 2254(b). In making this determination, the court should inquire as to whether there is an "absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must have raised in the state courts the factual and legal premises of the claims for relief he asserts in the federal proceeding. *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986).

> "It is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." The claim must be substantially equivalent to that litigated in the state court. Both the legal theory and the facts supporting a federal claim must have been submitted to the state court.

*O'Halloran v. Ryan,* 835 F.2d 506, 508 (3d Cir.1987) (citations omitted).

In the petition presently before the court, plaintiff has presented two grounds for relief: 1) ineffective assistance of counsel; and 2) a defective guilty plea. Petitioner has previously raised precisely the same claims before the state courts. His state remedies, therefore, are exhausted.

B. Procedural Default

The Delaware Supreme Court did not have an opportunity to rule on the merits of petitioner's claims because he failed to appeal the Superior Court's denial of his first postconviction motion. Petitioner's second postconviction motion was denied on procedural grounds. When petitioner appealed the denial of the second motion, the Delaware Supreme Court was barred from reaching the merits by Rule 61(i)(4).

Allowing applicants for federal habeas corpus relief to proceed in federal court where, as here, their own default is responsible for the absence of available state remedies would undermine the principles of comity and federalism that underlie the exhaustion requirement. *Coleman v. Thompson,* 501 U.S. 722 (1991). The United States Supreme Court has held that a state court ruling resting on an independent and adequate state procedural ground will bar federal review absent a showing of cause for and prejudice from the default. *Wainwright v. Sykes,* 433 U.S. 72, 81-82 (1977). The state courts' application of Rule 61(i)'s procedural default provision is a "plain statement" under *Harris v. Reed,* 489 U.S. 255 (1989), that the state court decisions rest on independent state grounds. Rule 61(i)(4) and similar rules in other states have also been held adequate to bar federal review under *Wainwright. See Bond v. Fulcomer,* 864 F.2d 306 (3d Cir.1989); *Beatty v. Patton,* 700 F.2d 110, 112-13 (3d Cir.1983); *Woodlin v. Snyder,* C.A. No. 95-138-JJF (D.Del. June 16, 1995).

***3** Because the state courts based their denial of petitioner's postconviction motion on an independent and adequate state procedural ground, this court may not consider the merits of petitioner's ineffective assistance of counsel claim unless he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims[ ] will result in the fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court has held that " 'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him...." *Id.* at 753, *citing Murray v. Carrier,* 477 U.S. 478, 488 (1986) (emphasis in original).

Petitioner seeks to explain his failure to appeal the denial of his first postconviction motion by stating that the trial court refused to supply him with a free transcript "to verify facts." (D.I. 2) As a result, petitioner contends, the Superior Court dismissed his motion in a summary fashion without benefit of the record of petitioner's plea. Petitioner does not explain why the lack of a transcript, while not deterring him from filing a Rule 61 motion in Superior Court, would prevent him from appealing the denial of that motion. As respondents point out, if petitioner believed that the decision

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.





to deny him the transcript was erroneous, or that the lack of a transcript caused the wrongful dismissal of his postconviction motion, he had all the more reason to file an appeal. Petitioner's explanation, therefore, does not constitute cause. Because petitioner has failed to show cause for his default, it is not necessary for this court to address the issue of prejudice.

Petitioner also contends that the state courts should have excused his procedural default "in the interest of justice," and that their failure to do so constitutes a "substantial miscarriage of justice." (D.I. 10) Where a petitioner has defaulted his state remedies and has not demonstrated cause and prejudice, a federal court may entertain a petition for habeas corpus only if the petitioner makes a showing of "actual innocence." *Sawyer v. Whitley,* 112 S.Ct. 2514, 2519 (1992); *Murray,* 477 U.S. at 496. Petitioner has made no claim that he is actually innocent, and has articulated no facts that would support such a claim. His procedural default, therefore, is not excused.

IV. CONCLUSION

For the reasons set forth above, the court will dismiss the application for habeas corpus relief and deny the writ of habeas corpus. An appropriate order will be entered.

1996 WL 534877 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

- 1:95CV00613 (Docket) (Oct. 13, 1995)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2007, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on April 27, 2007, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

Paul F. Romano, Jr.
SBI No. 172653
Plummer Center
38 Todds Lane
Wilmington, DE 19802

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us