IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PAUL F. ROMANO, JR.,                    :
                                        :
                 Petitioner,            :
                                        :
        v.                              :     Civ. Act. No. 06-686-JJF
                                        :
VINCENT BIANCO, Warden, and             :
ATTORNEY GENERAL OF THE STATE           :
OF DELAWARE,                            :
                                        :
                 Respondents.           :

---

Paul F. Romano, Jr.  Pro se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the DELAWARE
DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for
Respondents.

---

**MEMORANDUM OPINION**

December $\frac{10}{}$, 2007
Wilmington, Delaware

**Farnan, District Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Paul F. Romano, Jr. ("Petitioner"). (D.I. 2.) For the reasons discussed, the Court will dismiss the Petition.

## I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On March 6, 2006, Petitioner entered a guilty plea in the Delaware Superior Court to second degree forgery and misdemeanor shoplifting. The Superior Court sentenced Petitioner to two years of incarceration at Level V, suspended immediately for one year of Level II probation for the forgery conviction. For the shoplifting conviction, Petitioner was sentenced to one year of incarceration at Level V, suspended immediately for one year at Level II. (D.I. 13, Sentence Order dated Mar. 6, 2006)

On March 31, 2006, Petitioner was arrested on an administrative warrant for an alleged violation of the terms of his Level II probation. (D.I. 13, Del. Super. Ct. Dkt. at No. 13.) At a hearing conducted on April 13, 2006, the Superior Court found Petitioner in violation of the terms of his probation and sentenced Petitioner, effective March 31, 2006, to two years at Level V, suspended after fourteen days for the balance to be served at Level IV Crest Program, suspended in turn after successful completion of the Program for eighteen months at Level III Crest Aftercare. Petitioner was to be held at supervision

1

Level III until space became available at Level IV Crest.
Petitioner was discharged as unimproved on his shoplifting
sentence. (D.I. 13, Violation of Probation Sentence Order dated
Apr. 13, 2006.)

In June 2006, Petitioner filed in the Superior Court a
motion for modification of sentence pursuant to Superior Court
Criminal Rule 35 ("Rule 35 motion"), asserting that his sentence
should be reduced because his incarceration harmed his family and
business. The Superior Court denied the motion, finding that the
sentence was appropriate for the violation of probation.
Petitioner then wrote to the judge complaining about being placed
in the CiviGenics program instead of the Crest program. The
judge responded, explaining that the CiviGenics program is part
of the Crest program. (D.I. 13.)

In September 2006, Petitioner wrote asking the Superior
Court to review his sentence. The Superior Court interpreted the
letter as another Rule 35 motion for modification of sentence and
denied Petitioner's request to be discharged from his sentence.
Petitioner filed a third Rule 35 motion in October 2006, which
the Superior Court denied as untimely. (D.I. 13.)

Finally, in December 2006, Petitioner filed a motion for
post-conviction relief pursuant to Delaware Superior Court
Criminal Rule 61 ("Rule 61 motion"), asserting four grounds for
relief. All four grounds challenged his placement in the

2

CiviGenics program and the failure of the Department of

Correction ("DOC") to "release" him to Level III supervision.

The Superior Court summarily dismissed the Rule 61 motion as an

inappropriate vehicle for seeking a modification of sentence.

State v. Romano, 2006 WL 3842165, at *1 (Del. Super. Ct. Dec. 18,

2006).

Petitioner did not appeal any of the Superior Court's

decisions regarding his Rule 35 motions or his Rule 61 motion.

Instead, he filed the instant Petition in November, 2006.  (D.I.

2.)  The State filed an Answer, asserting that the Petition

should be dismissed because the claims are moot, non-cognizable,

or procedurally barred.  (D.I. 11.)

## II.   **EXHAUSTION AND PROCEDURAL DEFAULT**

Absent exceptional circumstances, a federal court cannot

review a habeas petition unless the petitioner has exhausted all

means of available relief for his claims under state law.  28

U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44

(1999); Picard v. Connor, 404 U.S. 270, 275 (1971).  A

petitioner satisfies the exhaustion requirement by "fairly

presenting" the substance of the federal habeas claim to the

state's highest court, either on direct appeal or in a post-

conviction proceeding, in a procedural manner permitting the

state courts to consider it on the merits.  See Duncan v. Henry,

513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351

3

(1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review of those claims, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160. Federal courts cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

4

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Murray, 477 U.S. at 496; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). Actual innocence means factual innocence, not legal insufficiency, and the miscarriage of justice exception applies only in extraordinary cases. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

## III. DISCUSSION

Liberally reading the Petition in conjunction with Petitioner's state court filings, the Court interprets Petitioner's four grounds for relief as follows: (1) the DOC personnel and counselors tampered with court documents and deleted the notation on his status sheet that, after serving the initial 14 days at Level V, he was to be held at Level III while

5

awaiting space availability in Level IV Crest; (2) the DOC failed to "release" Petitioner to Level III supervision pending space availability at Crest, thereby improperly extending his time at Level V; (3) the DOC improperly required Petitioner to complete the CiviGenics program as opposed to the Crest program; and (4) by requiring Petitioner to complete the CiviGenics program, his incarceration at Level IV was improperly extended from the anticipated six months to eight months. Although not entirely clear, Petitioner appears to argue that he should serve the remaining portion of his sentence at Level II. See (D.I. 2 at p. 11.)

According to the federal habeas statute, a "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim is properly asserted pursuant to § 2254 if a favorable determination in Petitioner's favor would necessarily imply that he would serve a shorter sentence. Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Here, Petitioner does not challenge the legality of his underlying conviction or sentence. Rather, all four claims are premised on Petitioner's belief that his custody level should be reduced because the DOC failed to transfer him to the different

6

custody levels as directed in his sentence order.  Petitioner's projected release date is February 1, 2008, with a non-adjusted release date is March 28, 2008; a favorable determination of Petitioner's claims would not shorten his sentence.  Therefore, the Court concludes that Clams One through Four do not state a basis for federal habeas relief.  See 28 U.S.C. § 2254(a); See, e.g., Beckley v. Minor, 2005 WL 256047 (3d Cir. Feb. 3, 2005)("where the relief sought 'would not alter [petitioner's] sentence or undo his conviction,'" a district court does not have habeas jurisdiction)(not precedential); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 462 (3d Cir. 1996); Oberly v. Kearney, 2000 WL 1876439, *2 (D. Del. Dec. 15, 2000)(finding that a claim alleging petitioner is entitled to work release or home furlough is properly characterized as a § 1983 claim and not a § 2254 claim).

Furthermore, even if Claims One through Four are cognizable on federal habeas review,[1] the Court concludes that the claims

---

[1]There is caselaw suggesting that Petitioner's claims might be construable as challenging the execution of his sentence, which would be cognizable on federal habeas review.  See Woodall v. Fed. Bur. of Prisons, 432 F.3d 235, 241-44 (3d Cir. 2005)(holding that federal prisoner's challenge to the BOP's regulations regarding placement in community confinement constituted a challenge regarding the execution of his sentence, properly brought under 28 U.S.C. § 2241.); Lovett v. Carroll, 2002 WL 1461730 (D. Del. June 27, 2002)(habeas petition challenging petitioner's continued detention at Level V custody, when sentencing order required him to be transferred to the boot camp program, construed as claim challenging the execution of his sentence); Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001)(claim

7

must be denied as procedurally barred. The record reveals that Petitioner did not present Claims One through Four to the Delaware Supreme Court,[2] and at this juncture, Delaware procedural rules would bar Petitioner from pursuing further state court review of all four claims.[3] Consequently, Claims One, Two, Three, and Four are deemed exhausted but procedurally defaulted, and the Court cannot review the merits of the four claims unless Petitioner demonstrates cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result absent such review.

Petitioner does not provide any reason for his procedural default of Claims One, Two, Three, and Four. In the absence of cause, the Court will not address the issue of prejudice.

_____

challenging execution of sentence properly presented under 28 U.S.C. § 2254).

[2]Petitioner did not appeal his violation of probation sentences, nor did he appeal the Superior Court's denial of his Rule 35 motions for modification of sentence or his Rule 61 motion for post-conviction relief.

[3]Petitioner cannot appeal his VOP sentence, nor can he appeal the Superior Court's denial of his Rule 35 and Rule 61 motions because the time for appeal has passed. See Del. Supr. Ct. R. 6(a)(iii). Petitioner also cannot file another motion for modification of sentence under Superior Court Criminal Rule 35(b) because more than 90 days have passed since his sentencing and there are no extraordinary circumstances to permit the extension of the limitations period. See e.g., Eley v. Kearney, 2005 WL 899612, at *4 (D. Del. Apr. 18, 2005). Additionally, Delaware Superior Court Criminal Rule 61(i)(4) would bar a second Rule 61 motion as previously adjudicated. See Kennedy v. Kearney, 1996 WL 534877, at *2-3 (D. Del. Sept. 11, 1996).

8

Moreover, the miscarriage of justice exception does not excuse Petitioner's default of the four claims because he has not asserted a colorable claim of actual innocence. Thus, even if Claims One, Two, Three, and Four are cognizable on federal habeas review, the Court will deny all four claims as procedurally barred.[4]

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Additionally, if a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the

---

[4]The State also argues that the Claims Two and Three should be dismissed as moot because Petitioner is no longer being held pending transfer to Level IV and he has completed the CiviGenics Program. The Court will not address this issue.

9

denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that it cannot review Claims One, Two, Three, and Four because they are either non-cognizable on federal habeas review, or they are procedurally barred from federal habeas review. In the Court's view, reasonable jurists would not find these conclusions to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.